UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FLOYD BENNETT-BEY,

    Plaintiff,

    v.

DOUGLAS SHULMAN, Commissioner,
Internal Revenue Service,

    Defendant.

Civil Action No. 09-963 (CKK)

MEMORANDUM OPINION
(March 3, 2010)

Plaintiff Floyd Bennett-Bey filed this action against the Commissioner of the Internal Revenue Service ("IRS") for various forms of relief related to Bennett-Bey's tax liabilities. Defendant has moved to dismiss the complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. Because the Court lacks subject matter jurisdiction with respect to some of Bennett-Bey's claims, and because Bennett-Bey has otherwise failed to state a claim upon which relief can be granted, the Court shall grant Defendant's motion to dismiss.

I. FACTUAL BACKGROUND

In his Complaint, Floyd Bennett-Bey asserts that he is a "Moorish American Citizen, Beneficiary of the Great Moorish Estate Express Trust created by the trustor Nobel Drew Ali which [w]as executed May 10, 2000." Compl. at 3. Bennett-Bey alleges that "[s]imultaneous with that creation, the trustor (Noble Drew Ali) also founded the Moorish Science Temple of America, Inc." *Id.* Bennett-Bey alleges that the land in the Express Trust is a fee simple estate conveyed to Moorish Americans. *Id.* Bennett-Bey attached the alleged "deed of conveyance" as

Exhibit 3 to his Complaint. *See id.* at 4-5, Ex. 3. According to Bennett-Bey, "[a]ll real property within the metes and bounds described in Section #7 of the Deed of Convency is (Express Trust Property) presently owned by the Moorish Science Temple of America, Inc." *Id.* at 6. Section 7 reads as follows: "Their domination and inhabitation extended from North-East and South-West Africa, across the great Atlantis even unto the present North, South and Central America and also Mexico and the Atlantis Islands; before the great earthquake, which caused the great Atlantic Ocean." Compl., Ex. 3 at 58. Bennett-Bey states that "[a]s a <u>wakeful beneficiary</u>, <u>Sovereign people</u>, <u>Sovereign immunity</u> and <u>Sovereign rights</u> I am confident, my rights and interest are constitutionally protected." Compl. at 6-7.

Bennett-Bey contends that he has been corresponding with the IRS for more than ten years regarding his tax status and that there are "mis-understandings" about his status as a Moorish American citizen. Compl. at 2. Bennett-Bey states that his "exemption from Federal Income Tax obligation [sic] is not based on or found in the Federal Tax Codes." *Id.* at 3. On January 10, 2009, Bennett-Bey sent the IRS a letter apparently responding to a previous letter dated January 6, 2009. *See* Compl., Ex. 10 (1/10/2009 Letter from Bennett-Bey to T. Sisung, IRS Settlement Officer). The letter contains many assertions regarding the Express Trust and purports to include an offer in compromise. In a letter dated April 28, 2009, the IRS sent Bennett-Bey a "Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330." *See* Compl., Ex. 9 (4/28/2009 Notice). The notice of determination indicated that Bennett-Bey's had tax liabilities stemming from self-filed tax returns, a math error in 1999, lack of withholdings, and late filing and that a civil penalty was assessed for a frivolous return in 2004. *See id.* at 4. The notice states that a collection due process hearing was held via correspondence and that Bennett-Bey did not provide any non-frivolous responses or discuss

ways to pay the taxes owed.  *Id.* at 5.  The notice further indicates that a Notice of Federal Tax Lien Filing (NFTL) was issued.  *Id.* at 3, 6.  The IRS indicated that it had determined that Bennett-Bey was not entitled to relief from the NFTL because he had proposed no acceptable collection alternatives.  *Id.* at 2.

## II.  STANDARD OF REVIEW

The Federal Rules of Civil Procedure require that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *accord Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam).  Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, to provide the "grounds" of "entitle[ment] to relief," a plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  *Id*. at 1964-65; *see also Papasan v. Allain*, 478 U.S. 265, 286 (1986).  Instead, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556).

In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court must construe the complaint in a light most favorable to the plaintiff and must accept as true all reasonable factual inferences drawn from well-pleaded factual allegations.  *In re United Mine Workers of Am. Employee Benefit Plans Litig.*, 854 F. Supp. 914, 915 (D.D.C. 1994); *see also Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979) ("The complaint must be 'liberally

3

construed in favor of the plaintiff,' who must be granted the benefit of all inferences that can be derived from the facts alleged."). However, as the Supreme Court recently made clear, a plaintiff must provide more than just "a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1950. Where the well-pleaded facts set forth in the complaint do not permit a court, drawing on its judicial experience and common sense, to infer more than the "mere possibility of misconduct," the complaint has not shown that the pleader is entitled to relief. *Id.* at 1950.

On a motion to dismiss under Rule 12(b)(1), the plaintiff bears the burden of establishing that the court has subject matter jurisdiction. *Wright v. Foreign Serv. Grievance Bd.*, 503 F. Supp. 2d 163, 170 (D.D.C. 2007). "Although a court must accept as true all factual allegations contained in the complaint when reviewing a motion to dismiss pursuant to Rule 12(b)(1), [a] plaintiff['s] factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion than in resolving a 12(b)(6) motion for failure to state a claim." *Id.* (internal citations and quotation marks omitted).

Where, as here, the action is brought by a *pro se* plaintiff, the Court must take particular care to construe the plaintiff's filings liberally, for such complaints are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

### III. DISCUSSION

Bennett-Bey's Complaint, which he filed *pro se*, does not clearly delineate the various claims upon which he seeks relief. The Court notes that a nearly identical complaint was filed by Tanya Bennett-Bey[1] in another case in this district before Judge Richard W. Roberts. *See*

---

[1] Tanya Bennett-Bey, who also acted *pro se* in her case, listed the same home address as the plaintiff in this case. *See* Complaint, *Bennett-Bey v. Schulman*, No. 08-328 (D.D.C. filed

Complaint, *Bennett-Bey v. Schulman*, No. 08-328 (D.D.C. filed Feb. 26, 2008). Judge Roberts construed the allegations in that complaint as asserting two claims for relief: (1) a refund of taxes that had been withheld from the plaintiff's salary; and (2) a religious exemption from paying taxes under the Free Exercise clause. *See Bennett-Bey v. Schulman*, No. 08-328, 2010 WL 320216, at *1-2 (D.D.C. Jan. 20, 2010). Pleadings filed *pro se* must be liberally construed, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and this Court agrees that Bennett-Bey appears to be alleging a claim for a tax refund and for a constitutional exemption from taxation. In addition, it appears that Bennett-Bey seeks to appeal a decision by the IRS issued under §§ 6320 and 6330 of the Internal Revenue Code. The Court shall address each of these claims below. Because it is clear that Bennett-Bey has sued Defendant based on actions taken by the United States, the Court shall grant Defendant's motion to substitute the United States as the proper defendant in this case. *See* 28 U.S.C. § 2679(d)(1).

    A.    *Request for Tax Refund*

Bennett-Bey's first apparent request for relief is to "[r]equire Defendant to return all Unlawfully [sic] debts collected since the execution of the Express Trust without the Plaintiff, Floyd Bennett-Bey having to submitt [sic] any forms requesting the return of unlawfully collected debts." Compl. at 8. This request is best construed as a request for a refund of income taxes withheld. *See also* Pl.'s Opp'n to Dismiss Compl., ¶ 4 ("The defendant claims of my requesting a refund and or suing for a refund is taken out of context because of the operation of law the I.R.S. had no right to remove funds from any of my accounts or change my tax status etc.") Defendant argues that this Court lacks jurisdiction to entertain any tax refund claim

---

Feb. 26, 2008).

because Bennett-Bey has not pled any facts that indicate he filed a request for a refund with the IRS.

Pursuant to 28 U.S.C. § 1346, the district courts have original jurisdiction of "[a]ny civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected." 28 U.S.C. § 1346(a)(1). However, § 7422(a) of the Internal Revenue Code states that "[n]o suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund or credit has been duly filed with the [IRS] . . . ." *See United States v. Dalm*, 494 U.S. 596, 601-02 (1990) ("[U]nless a claim for refund of a tax has been filed within the time limits of [26 U.S.C.] § 6511(a), a suit for refund, regardless of whether the tax is alleged to have been 'erroneously,' 'illegally,' or 'wrongfully collected,' §§ 1346(a)(1), 7422(a), may not be maintained in any court.")

Here, Bennett-Bey has failed to plead any facts that indicate he has filed an administrative request for a refund with the IRS. Moreover, he fails, in either of his opposition briefs, to rebut Defendant's contention that there is no proper basis for subject matter jurisdiction based on Bennett-Bey's failure to file an administrative refund request. Therefore, the Court finds that it lacks subject matter jurisdiction over Bennett-Bey's claim for a tax refund.

B.   *Constitutional Exemption from Taxation*

Bennett-Bey's second prayer for relief is to "Respect My tax exempt status and Constitutional Rights as a Moorish American Citizen, (Beneficiary)." Compl. at 8. Bennett-Bey claims that he is exempt from paying federal taxes because he is a beneficiary of the Great Moorish Estate Express Trust. *See* Compl. at 3. Plaintiff ascribes the origin of the land in the trust to the Moorish Holy Koran, excerpts of which are attached to the Complaint as an exhibit.

6

*See id.* at 3-4, Ex. 3.  Affording Bennett-Bey's *pro se* Complaint a liberal construction, the Court must consider whether he is asserting a constitutional claim for a religious exemption from taxation.  Federal courts have jurisdiction over such claims under 28 U.S.C. § 1331, which is one of the bases for jurisdiction asserted by Bennett-Bey in his complaint.  *See* Compl. at 1.

However, the complaint, even liberally construed, does not state a claim that the federal government has violated Bennett-Bey's free exercise of religion.  To make out such a claim, a plaintiff must show that the government has "substantially burdened" his exercise of religion.  *See Holy Land Found. for Relief & Devel. v. Ashcroft*, 333 F.3d 156, 166 (D.C. Cir. 2003) (quoting 42 U.S.C. § 2000bb-1(a)).  Bennett-Bey's Complaint is entirely devoid of allegations that federal taxes impose any burden, let alone a substantial one, on his exercise of religion.  Accordingly, Defendant's motion to dismiss shall be granted with respect to any claim of religious exemption from taxation.

    C.    *Appeal from IRS Determinations*

Bennett-Bey's fourth prayer for relief is to "Deny the Defendants [sic] letter of Determination dated April 28, 2009 Certified Mail receipt number . . . ."  Compl. at 8.  This letter is attached as Exhibit 9 to the Complaint and is titled "IRS Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330."  *See* Compl., Ex. 9.  Internal Revenue Code §§ 6320 and 6330 provide for taxpayers to be notified of tax liens and levies imposed by the IRS.  The Notice of Determination informed Bennett-Bey that he could file an appeal of the IRS's determination in the United States Tax Court within 30 days.  Compl., Ex. 9 at 1.  The Notice further informed Plaintiff that "[i]f an appeal is filed in the incorrect court (e.g., United States District Court), you will not be able to refile in United States Tax Court if the time period for filing a Tax Court petition has expired."  *Id.*

It appears that Bennett-Bey's Complaint is an attempt to appeal the IRS's determination in this Court.  Indeed, Bennett-Bey captioned his Complaint as "Complaint for Relief from the I.R.S. Notice of Determination and Letter of Collection Action(s) Under Section 6320, 6330 and any I.R.S. Action or Tax Codes."  *See* Compl. at 1.  Internal Revenue Code § 6330(d)(1) provides that an appeal may be filed with the Tax Court; it does not provide for an appeal to a district court.  *See* I.R.C. § 6330(d)(1) ("The person may, within 30 days of a determination under this section, appeal such determination to the Tax Court (and the Tax Court shall have jurisdiction with respect to such matter).")  "That Congress created jurisdiction in the Tax Court for certain appeals under § 6330(d) means that there is not a duplicate cause of action in a United States District Court under the [Administrative Procedure Act]."  *Robinette v. Comm'r*, 439 F.3d 455, 460 n.4 (8th Cir. 2006); *see also Yuen v. United States*, 290 F. Supp. 2d 1220, 1222 (D. Nev. 2003) ("[J]udicial review of a Notice of Determination upholding the IRS's collection activity for Plaintiff's underlying tax liabilities . . . lies with the United States Tax Court, not th[e District Court].")  Because there is no remedy under the APA, which is the default statute providing for review of agency actions, *see* 5 U.S.C. § 704, the Court finds that it lacks jurisdiction to review the IRS's Notice of Determination under § 6330(d).

      D.      *Other Possible Causes of Action*

Bennett-Bey's third prayer for relief is to "Stop the Defendant from unlawfully conducting business on the Trust Estate."  Compl. at 8.  However, this request for relief can only be construed as duplicative of the claims already addressed by the Court, and therefore the Court need not consider it separately.

Bennett-Bey asserts that jurisdiction in this action is based on 28 U.S.C. §§ 1340, 1345, 1331, 1346, 1361, and 26 U.S.C. §§ 7402 and 7429.  *See* Compl. at 1.  Of these provisions, only

26 U.S.C. § 7429 suggests a plausible alternative cause of action. Section 7429 provides that a taxpayer may bring a civil action against the United States for a determination of whether a levy made under § 6331(a) less than 30 days after notice and demand is reasonable under the circumstances. *See* 26 U.S.C. § 7429. Defendant does not address this issue in his motion to dismiss. However, Bennett-Bey has not alleged any facts pertaining to such a levy in his Complaint. Therefore, it is clear that Bennett-Bey has failed to state a claim for relief under 26 U.S.C. § 7429. Accordingly, the Court shall grant Defendant's motion to dismiss the Complaint in its entirety.

### IV.  CONCLUSION

For the foregoing reasons, the Court shall GRANT Defendant's [4] Motion to Dismiss and dismiss this case in its entirety. An appropriate order shall accompany this Memorandum Opinion.

Date: March 3, 2010

                                                      /s/
                                       **COLLEEN KOLLAR-KOTELLY**
                                       United States District Judge